# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Mora Rolon,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-15-01209-PHX-DJH (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Alejandro Mora Rolon has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents assert that the Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (Doc. 11 at 15-22.) Alternatively, Respondents argue that federal habeas corpus review of Petitioner's claims is procedurally barred. (*Id.* at 22-26.) Petitioner has not filed a reply in support of his Petition and the time to do so has passed. (Doc. 8.) For the reasons below, the Court finds the Petition untimely, recommends that it be dismissed, and does not consider Respondents' alternative arguments.

**I.	Factual and Procedural Background**

　　**A.	Charges, Trial, and Sentencing**

On July 30, 1997, Petitioner was indicted in the Maricopa County Superior Court on one count of kidnapping (Count One), one count of molestation of a child (Count Two), and one count of sexual conduct with a minor (Count Three). (Doc. 11, Ex. D.)

On September 26, 2000, a jury acquitted Petitioner on the kidnapping count, but found him guilty on the remaining two counts. (Doc. 11, Ex. E.) On November 1, 2000, the trial court found that Petitioner had a predicate felony conviction, and subsequently sentenced him to consecutive terms of thirty-three years' imprisonment on Count Two, and thirty-five years' imprisonment on Count Three. (Doc. 11, Ex. F.)

### B. Direct Appeal

On November 7, 2000, Petitioner filed a notice of appeal in the Arizona Court of Appeals. (Doc. 11, Ex. H.) In his opening brief, Petitioner argued that the trial court violated the Due Process Clauses of the United States and the Arizona Constitutions by admitting evidence of sexual propensity, and that he was denied a fair trial due to prosecutorial misconduct. (Doc. 11, Ex. I.) On June 13, 2002, the appellate court affirmed Petitioner's convictions and sentences. (Doc. 11, Ex. M.)

On July 15, 2002, Petitioner filed a petition for review in the Arizona Supreme Court. (Doc. 11, Ex. O.) On October 29, 2002, the Arizona Supreme Court denied review. (Doc. 11, Ex. S.)

### C. Post-Conviction Review

#### 1. Withdrawn Notices of Post-Conviction Relief

On November 16, 2000, Petitioner filed a pro se notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 11, Ex. G.) Because Petitioner had previously filed a direct appeal, which was still pending, on June 8, 2001, he moved to withdraw that notice. (Doc. 11, Ex. K.) The court granted that motion. (Doc. 11, Ex. L.)

On July 2, 2002, Petitioner filed another pro se notice of post-conviction relief in the trial court. (Doc. 11, Ex. N.) On September 16, 2002, Petitioner moved to dismiss the notice of post-conviction relief without prejudice because direct review was still pending. (Doc. 11, Ex. Q.) The court granted Petitioner's motion. (Doc. 11, Ex. R.)

///

### 2.     First Post-Conviction Proceeding

On January 7, 2003, Petitioner filed a third notice of post-conviction relief to commence what the state court considered his first Rule 32 proceeding. (Doc. 11, Exs. T, BB.)  On October 6, 2003, post-conviction counsel advised the court that she had reviewed the record and found no claim to raise in a Rule 32 petition. (Doc. 11, Ex. U.) On counsel's motion, the court granted Petitioner until December 20, 2003 to file a pro se petition. (Doc. 11, Exs. U, V.)

On December 16, 2003, Petitioner filed a petition for post-conviction relief. (Doc. 11, Ex. W.)  Petitioner submitted his petition on a form and checked boxes indicating that illegally obtained evidence was introduced at trial, his right against self-incrimination was violated, he was denied representation by a competent lawyer at every critical stage of the criminal proceeding, the state suppressed evidence and used perjured testimony, the Double Jeopardy Clause was violated, newly discovered evidence existed that would require the court to vacate his convictions or sentences, his sentences were improper, and he was being held beyond the expiration of his sentences. (*Id.*) On May 7, 2004, the trial court summarily denied post-conviction relief because Petitioner's allegations were conclusory and did not state a colorable claim. (Doc. 11, Ex. Y.) The record does not include any evidence that Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 11, Exs. A, B, C.)

### 3.     Second Post-Conviction Proceeding

On April 17, 2007, Petitioner filed a state petition for writ of habeas corpus in the Pinal County Superior Court. (Doc. 11, Ex. Z.)  On June 15, 2007, the Pinal County Superior Court construed the filing as a Rule 32 petition for post-conviction relief and transferred it to the Maricopa County Superior Court. (Doc. 11, Ex. AA.)  After the case was transferred, on August 8, 2008, the trial court found Petitioner's claims precluded under Rule 32.2(a) because they either were or should have been raised on direct appeal, and dismissed the petition because it did not include any claims that could be raised in a successive petition. (Doc. 11, Ex. BB (citing Rule 32.2, 32.4(a).)  The record contains no

evidence that Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 11, Exs. A, B, C.)

### 4. Third Post-Conviction Proceeding

On April 9, 2012, Petitioner filed another notice of post-conviction relief arguing that he was actually innocent of the crimes of conviction. (Doc. 11, Ex. CC.) On April 18, 2012, the court denied the petition because it was untimely and successive, and Petitioner had not presented any claims that could be raised in an untimely or successive Rule 32 proceeding. (*Id.*)

On May 25, 2012, Petitioner filed a motion for rehearing of the April 18, 2012 ruling. (Doc. 11, Ex. EE.) On June 12, 2012, the trial court denied the motion as untimely under Rule 32.9(a). (Doc. 11, Ex. FF.) On June 20, 2012, Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 11, Ex. GG.) On September 11, 2013, the appellate court granted review, but denied relief. (Doc. 11, Ex. HH.) Petitioner did not seek further review, and the appellate court issued its mandate on November 4, 2013. (*Id.*)

### D. Federal Petition for Writ of Habeas Corpus

On June 30, 2015, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1.) Petitioner raises the following claims: (1) trial counsel was ineffective for (a) failing to devote sufficient time to prepare a defense, (b) failing to secure an independent mental examination to determine Petitioner's competency, and (c) failing to explore the possibility of a plea agreement (Ground One); (2) the trial court abused its discretion and the prosecutor engaged in misconduct when (a) the trial court admitted evidence of Petitioner's prior bad acts, (b) the prosecutor repeatedly asked the victim if she bled after the alleged sexual conduct, and (c) the court's and the prosecutor's actions led the jury to believe that Petitioner was a repeat offender (Ground Two); and (3) Petitioner's due process rights were violated because he was not arraigned on the criminal charges and was not asked how he wanted to plead during his initial appearance (Ground Three). (Doc. 1 at 6-8.)

Respondents assert that the Petition should be dismissed as untimely. (Doc. 11.) Alternatively, Respondents argue that federal habeas corpus review of Petitioner's claims is procedurally barred. (*Id.*) For the reasons below, the Court finds the Petition untimely, recommends that it be dismissed, and does not consider Respondents' alternative arguments.

## II.     Statute of Limitations

### A.     Commencement of the Limitations Period

The AEDPA provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Therefore, to assess the timeliness of the Petition, the Court determines the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).

After his trial and sentencing, Petitioner pursued direct review in the Arizona Court of Appeals and the Arizona Supreme Court. (Doc. 11, Exs. H, M, O, S.) The Arizona Supreme Court denied review on October 29, 2002. (Doc. 11, Ex. S.) Accordingly, Petitioner's conviction became final ninety days later, on January 27, 2003, upon the expiration of the time for Petitioner to file a petition for writ of certiorari in the United States Supreme Court. *See Porter v. Ollison*, 620 F.3d 952, 958-59 (9th Cir. 2010) (stating that "[w]hen, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court."); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (the time for seeking direct review under § 2244(d)(1)(A) "includes the period within which a petitioner can file a petition for a writ of certiorari from the

---

[1] The statute of limitations commences on the latest of the dates determined by applying §§ 2244(d)(1)(A) through (D). *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D). Petitioner does not argue that subsections (B), (C), or (D) should apply.

- 5 -

United States Supreme Court, whether or not the petitioner actually files such a petition"); *see also* Sup. Ct. R. 13.1 (a petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court with ninety days after entry of the judgment).

Therefore, the one-year limitations period commenced the next day, January 28, 2003, and expired one year later, on January 27, 2004. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Because Petitioner did not file his Petition until June 30, 2015, it is untimely unless statutory tolling, equitable tolling, or an exception to the statute of limitations applies.

### B.     Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

While direct review was pending, Petitioner filed and voluntarily dismissed two notices of post-conviction relief. (Doc. 11, Exs. G, L, N, R.) Those notices did not impact the limitations period because they were withdrawn and dismissed while direct review was pending and before the limitations period commenced.

On January 7, 2003, Petitioner filed a third notice of post-conviction relief, which commenced his first post-conviction proceeding.[2] (Doc. 11, Ex. T.) Therefore, the limitations period, which commenced on January 28, 2003, was immediately tolled by the earlier-filed application for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2); *Isley*

---

[2] The notice of post-conviction relief was signed and dated December 31, 2002. (Doc. 11, Ex. T.) Respondents state that the notice was timely filed. (Doc. 11 at 18.)

- 6 -

*v. Ariz. Dep't of Corrs.*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) (in Arizona, statutory tolling begins when a Rule 32 notice of post-conviction relief is properly filed). The statute of limitations remained tolled while this post-conviction proceeding was pending in state court. *See* 28 U.S.C. § 2244(d)(2). On May 7, 2004, the trial court dismissed the post-conviction proceeding. (Doc. 11, Ex. Y.) Petitioner did not seek review in the appellate court. Accordingly, the statute of limitations began running on May 8, 2004 and expired one year later on May 8, 2005. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1074-75 (9th Cir. 2007) (stating that the petitioner's notice of post-conviction relief tolled the AEDPA limitation period only up to the date that the trial court summarily dismissed the post-conviction action for petitioner's failure to timely file a petition for review).

After Petitioner's first Rule 32 proceeding was dismissed, starting in 2007, he commenced several other post-conviction proceedings. (Doc. 11, Exs. Z, AA, CC.) However, those proceedings were commenced after the limitations period had expired. Therefore, even if those applications for post-conviction relief were properly filed, they could not toll the already expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."). Therefore, the statute of limitations expired on May 8, 2005.

Moreover, even if the limitations period remained tolled during all of Petitioner's post-conviction proceedings, the Petition would still be untimely. In Petitioner's final post-conviction proceeding, the Arizona Court of Appeals granted review, but denied relief on September 11, 2013. (Doc. 11, Ex. HH.) Petitioner did not seek further review and the appellate court issued its mandate on November 4, 2013. (*Id.*) The post-conviction proceeding was no longer "pending" under § 2244(d)(2), and thus could no longer toll the AEDPA statute of limitations, when the court of appeals issued its mandate. *See Celaya v. Stewart,* 691 F. Supp. 2d 1046, 1055 (D. Ariz. 2010), *aff'd* 497 Fed. App'x 744 (9th Cir. 2012) (under Arizona law, an appellate court decision is pending until the mandate issues); *Baker v. Ryan*, 2015 WL 997801, at *6 (D. Ariz. Mar.

6, 2015) ("In Arizona, when the court of appeals grants review of a petition, but denies the petition, direct review is not final until the mandate has issued."); *Washington v. Ryan*, 2015 WL 274151, at *4 (D. Ariz. Jan. 22, 2015) (same); *Elem v. Ryan*, 2013 WL 5434579, at *3-4 (D. Ariz. Sept. 27, 2013) (same). Accordingly, under this alternative calculation of the limitations period, the limitations period was tolled until November 4, 2013 when the appellate court issued its mandate concluding the state post-conviction proceedings. Thus, the limitations period expired one year later on November 5, 2014. Petitioner did not file his Petition until June 30, 2015. (Doc. 1.) Thus, under either calculation of the limitations period, the Petition is untimely unless Petitioner establishes that equitable tolling or an exception to the limitations period applies.

### C. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted). "When considering whether to apply equitable tolling, the Supreme Court has emphasized the need for 'flexibility' and for 'avoiding mechanical rules.'" *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012) (quoting *Holland*, 560 U.S. at 650).

Petitioner argues that equitable tolling applies because he is a layman in the law. (Doc. 1 at 11.) Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner,

generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)). Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief. Such circumstances are not extraordinary and do not justify tolling the limitations period. "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, 2008 WL 928252, at *4 (E.D. Cal. Apr. 4, 2008); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling).

### D.     Exception to the Statute of Limitations

Petitioner also argues that his untimely filing should be excused because he has "colorable issues that need to be addressed." (Doc. 1 at 11.) Thus, he arguably asserts that failure to consider his claims will result in a fundamental miscarriage of justice. Petitioner, however, has not established that he has a credible claim of actual innocence that constitutes an equitable exception to the one-year statute of limitations. In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, (2013), the Supreme Court recognized an exception to the AEDPA statute of limitations for a claim of actual innocence. The Court adopted the actual innocence gateway previously recognized in *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), for excusing the bar to federal habeas corpus review of procedurally defaulted claims. *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 937-38).

The rule announced in *McQuiggin* does not provide for an extension of the time statutorily prescribed, but instead is an equitable exception to § 2244(d)(1). *McQuiggin*, 133 S. Ct. at 1931. Actual innocence, if proven, merely allows a federal court to address

the merits of a petitioner's otherwise time-barred constitutional claims; the Supreme Court has not yet addressed whether "a freestanding claim of actual innocence" provides a separate basis for granting habeas relief. *Id*.

To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 316. *Schlup* requires a petitioner 'to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.'" *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (quoting *Schlup*, 513 U.S. at 324). Petitioner has not presented new evidence and has not shown that failure to consider his claims will result in a fundamental miscarriage of justice. (Doc. 1.) Thus, he has not met *Schlup's* high standard and this exception does not excuse his untimely filing.

**III. Conclusion**

Petitioner did not file the pending habeas petition until after the statute of limitations had expired and, therefore, the Petition is untimely. As set forth above, Petitioner is not entitled equitable tolling, and has not established that an exception to the limitations period should apply. Accordingly, the Petition should be denied as untimely. Therefore the Court does not consider Respondents' alternative grounds for denying habeas corpus relief.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6, 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 29th day of October, 2015.

_____
Bridget S. Bade
United States Magistrate Judge