IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Mora Rolon, | No. CV-15-1209-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Bridget S. Bade (Doc. 13). Following a jury trial in September 2000, Petitioner was convicted of one count of molestation of a child and one count of sexual conduct with a minor. (Doc. 13 at 1-2). He was sentenced to consecutive terms of 33 years in prison on the molestation conviction and 35 years on the sexual conduct conviction. (Doc. 13 at 2). He raised three grounds for relief in the Petition, including ineffective assistance of trial counsel; prosecutorial misconduct and abuse of discretion by the trial court; and a violation of procedural due process. (Doc. 13 at 4). After consideration of the issues, Judge Bade concluded that Petitioner's claims are time-barred because he failed to file the Petition within the one-year statute of limitations period. (Doc. 13 at 6). After applying statutory tolling based on post-conviction relief proceedings in state court, Judge Bade determined that the limitations period expired on May 8, 2005. (Doc. 13 at 7). Consequently, the Petition, which was not filed until June

30, 2015, was more than ten years too late. Moreover, Petitioner did not demonstrate he was entitled to equitable tolling or that an exception to the limitations period should apply. (Doc. 13 at 8-10). Accordingly, Judge Bade recommends the Petition be denied. (Doc. 13 at 10).

Judge Bade advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the District Court without further review." (Doc. 13 at 11) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). The parties have not filed objections and the time to do so has expired. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 13) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural

bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 23rd day of November, 2015.

Honorable Diane J. Humetewa
United States District Judge